Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 1 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105-2 Filed 03/25/25   Page 6 of 19   PageID#
218

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 24-00181-TFM |
| | ) |
| TANYL DAMIAN ANCHUNDIA-REZABALA | ) |

*FILED IN OPEN COURT MAR 28 2025 CHRISTOPHER EKMAN CLERK*

## PLEA AGREEMENT

The defendant, **TANYL DAMIAN ANCHUNDIA-REZABALA**,[1] represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Count One of the Indictment, charging a violation of Title 46, United States Code,

---

[1] The spelling of the name provided by the arresting agency was incorrect. Thus, the spelling was incorrect in the Indictment. At the initial appearance both parties agreed that this was the correct spelling of the defendant's name.

Rev 9/2021

1

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 2 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 7 of 19   PageID# 233
219

Section 70506(b), Conspiracy to Distribute Cocaine on Board a Vessel. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The

2

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 3 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 8 of 19   PageID# 234
220

defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11. The maximum penalty the Court could impose as to Count One of the Indictment is:

    a.   10 years mandatory minimum to life imprisonment;

3

Case 1:24-cr-00181-TFM-MU    Doc# 106    Filed 03/28/25    Page 4 of 19    PageID#
Case 1:24-cr-00181-TFM-MU    Doc# 105    Filed 03/25/25    Page 9 of 19    PageID#
235
221

    b.    A fine not to exceed $10,000,000;

    c.    A term of supervised release of five (5) years up to life, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    A mandatory special assessment of $100.00; and

    e.    Such restitution as may be ordered by the Court.

## SENTENCING

12. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the

sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15. Both the defendant and the United States are free to allocute fully at the time of sentencing.

16. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

17. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

## FORFEITURE

18. The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a

5

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 6 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 11 of 19   PageID# 223
237

preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

## FINANCIAL OBLIGATIONS

19. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

20. The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 7 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 12 of 19   PageID# 224
238

21. The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

**APPLICATION OF USSG § 5K1.1 AND/OR FED. R. CRIM. P. 35**

22. The defendant understands and agrees that he has no right to cooperate, and that the decision whether to allow him to cooperate is reserved solely to the United States in the exercise of its discretion. If the United States agrees to allow the defendant to cooperate, and if the defendant agrees to cooperate, the following terms and conditions apply:

    a. The defendant shall fully, completely, and truthfully respond to all questions put to him by law enforcement authorities regarding the underlying facts of the offense(s) with which he is charged, as well as the underlying facts of any criminal offense(s), state or federal, of which he has information or knowledge.

    b. The defendant acknowledges that he understands that he shall provide truthful and complete information regarding any offense about which he has knowledge or information regardless of whether law enforcement authorities question him specifically about any such offense. This provision requires the defendant to divulge all information available to him even when law enforcement authorities do not know about the defendant's involvement, knowledge or information relating to any particular offense. This requirement extends to any and all persons about whom the defendant has such knowledge or information.

7

Rev. 9/2021

c. The defendant agrees to cooperate completely with all law enforcement authorities in any matters to which his cooperation may be deemed relevant by any law enforcement authority. The defendant agrees to fully comply with all instructions from law enforcement authorities regarding the specific assistance he shall provide. This includes, but is not limited to, consenting to monitored and/or recorded telephone conversations, participating in undercover operations, testifying completely and truthfully before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

d. If the United States deems it necessary, the defendant may be required to take a polygraph examination(s) which will be administered by a government polygrapher. The defendant agrees that the results of any polygraph examination may be used by the United States in its evaluation of whether there has been substantial assistance, and are admissible at sentencing to rebut an assertion by the defendant of bad faith or unconstitutional motive on the part of the United States.

e. The defendant agrees to turn over to the United States any and all documents, tapes and other tangible objects which are in his possession or under his control and which are relevant to his participation in and knowledge of criminal activities, regardless of whether it relates to the charged offense. This obligation is a continuing one and includes materials that the defendant may acquire, obtain or have access to after the execution of this agreement.

8

Rev. 9/2021

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 9 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 14 of 19   PageID#
240
226

f. The defendant also agrees to identify the assets of any other person which were obtained through or facilitated the defendant's illegal activities or the illegal activities of another.

g. If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, a decision specifically reserved by the United States in the exercise of its sole discretion, then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable. The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation. The defendant understands that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance. The defendant understands that a mere interview with law enforcement authorities does not constitute substantial assistance. The defendant also understands that, should he provide untruthful information to the United States at any time, or fail to disclose material facts to the United States at any time, or commits a new criminal offense, the United States will not make a motion for downward

9

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 10 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 15 of 19   PageID#
241
227

departure. If the defendant's effort to cooperate with the United States does not amount to substantial assistance as determined solely by the United States, the United States agrees to recommend that the defendant receive a sentence at the low end of the advisory guideline range.

h. The United States and the defendant agree that any breach of this agreement by the defendant, including but not limited to committing a new offense, failing to cooperate, intentionally withholding information, giving false information, committing perjury, failing to identify assets obtained by him from his illegal activities or obtained by others associated with him or of which he has knowledge, refusing to take a polygraph examination, failing a polygraph examination, or refusing to testify before the grand jury or at any judicial proceeding, would:

    (1) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters underlying the Indictment; and

    (2) permit the United States to initiate and proceed with the prosecution on any other charges arising from a breach of this agreement. The United States will not be limited, in any respect, in the use it may make against the defendant of any information provided by the defendant during his breached cooperation. Such breach will constitute a waiver of any claim the defendant could make under the United States Constitution, the Federal Rules of Evidence, the

10

Rev. 9/2021

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 11 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 16 of 19   PageID#
242
228

Federal Rules of Criminal Procedure, or any statute or case law by which the defendant seeks to suppress the use of such information or any evidence derived from such information.

i. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, false statement, and obstruction of justice, should the defendant commit any of these offenses during his cooperation. The defendant acknowledges and agrees that the information that he discloses to the United States pursuant to this agreement may be used against him in any such prosecution.

j. The United States and the defendant agree that the defendant will continue his cooperation even after he is sentenced in the instant matter. His failure to continue his cooperation will constitute a breach of this agreement, and the defendant agrees that under such conditions, the United States will be free to reinstate the charges and the prosecution of the charges in the Indictment, which are to be dismissed in accordance with this agreement. Under these circumstances, the defendant expressly waives any rights he may have under the statute of limitations and the speedy trial provisions.

### LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

23. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily

11

Rev. 9/2021

waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

    a.    **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

        (1)    any sentence imposed in excess of the statutory maximum;

        (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

24. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

25. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

26. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 13 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 18 of 19   PageID# 244
230

## VIOLATION OF AGREEMENT

27. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

28. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

29. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: March 25, 2025

*George F. May*
GEORGE F. MAY
Assistant United States Attorney

13

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 14 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 19 of 19   PageID#
245
231

Date: March 25, 2025             *Kacey Chappelear*
                                 KACEY CHAPPELEAR
                                 Assistant United States Attorney
                                 Deputy Criminal Chief

    I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 3/28/25

~~TANYL~~ DAMIAN ANCHUNDIA-REZABALA
Defendant

    I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 3/25/25

JOE CARL "BUZZ" JORDAN
Attorney for Defendant

14

Rev. 9/2021

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 15 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 1 of 19   PageID#
246
213

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 24-00181-TFM |
| ) | |
| TANYL DAMIAN ANCHUNDIA-REZABALA ) | |

## FACTUAL RESUME

The defendant, **TANYL DAMIAN ANCHUNDIA-REZABALA**, admits the allegations of Count One of the Indictment.

## ELEMENTS OF THE OFFENSE

**TANYL DAMIAN ANCHUNDIA-REZABALA** understands that in order to prove a violation of Title 46, Section 70506(b), as charged in Count One of the Indictment, the United States must prove:

First:   That the defendant knowingly and willfully conspired with one or more persons;

Second:   That the conspiracy involved the knowing possession of Cocaine with the intent to distribute the Cocaine; and

Third:   That the conspiracy occurred, at least in part, on board a covered vessel, that is a vessel that is subject to the jurisdiction of the United States.

A "covered vessel subject to jurisdiction of the United States" includes: Any vessel without nationality.

## OFFENSE CONDUCT

Defendant, **TANYL DAMIAN ANCHUNDIA-REZABALA**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual

Rev. 9/2021

1

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 16 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 2 of 19   PageID#
247
214

basis exists for **TANYL DAMIAN ANCHUNDIA-REZABALA's** plea of guilty. The statement of facts does not contain each and every fact known to **TANYL DAMIAN ANCHUNDIA-REZABALA** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

On September 24, 2024, while on routine patrol in the Eastern Pacific Ocean, a U.S. Coast Guard helicopter from the U.S. Coast Guard Cutter MUNRO located a Target of Interest, further described as a "Go Fast Vessel" (GFV). The GFV was operating in international waters, approximately 160 nautical miles south of Manzanillo, Mexico. A request to conduct a boarding was approved due to suspected illicit maritime activity. The request was granted to include the use of force up to and including warning shots and or disabling fire. This was due to the vessel reasonably being suspected of being without nationality and displaying no indicia of nationality, located in international waters. The factors to build this reasonable suspicion included operating northbound at a high rate of speed in a known drug trafficking area, three outboard engines, and visible suspect packages on deck. USCG Cutter MUNRO helicopter conducted warning shots which were ineffective in stopping the GFV. The helicopter then used disabling fire, which was effective in stopping the GFV. (This means the USCG had to shoot out the engines to stop the smuggling boat). The MUNRO helicopter then observed, and recorded a video, of the defendant jettisoning packages while the boat was disabled.

A later boarding of the vessel was then conducted by USCG personnel is a Zodiac style boat launched from the Cutter. USCG personnel recovered 24 bales from the water surrounding the vessel, which yielded an at-sea weight of approximately 1148 kilograms of suspected cocaine. The boarding team conducted a field test on the recovered contraband and obtained two (2) presumptive positive results for cocaine.

2

Rev. 9/2021

Case 1:24-cr-00181-TFM-MU    Doc# 106    Filed 03/28/25    Page 17 of 19    PageID#
Case 1:24-cr-00181-TFM-MU    Doc# 105    Filed 03/25/25    Page 3 of 19    PageID# 248
215

Eduardo PALOMEQUE-Gordillo was the person in charge of the boat. PALOMEQUE-Gordillo assumed control of the vessel when he, Adrian PALOMEQUE-Gordillo, and Jose Miguel DE PAZ TOVILLA boarded the boat. Eduardo drove the vessel and gave commands to others. Eduardo PALOMEQUE-Gordillo would direct Jose and Adrian to manage the fuel lines while under way. Eduardo PALMOEQUE-Gordillo was also in control of a telephone which he, Adrian, and Jose utilized to speak with an unknown person known to **ANCHUNDIA-REZABALA ANCHUNDIA** as "Juan". "Juan" was one of the Mexican contacts involved with this smuggling load.

While on the boat **ANCHUNDIA-REZABALA** had a hurt ankle. He was told to remain under a blue tarp while under way by Eduardo. **ANCHUNDIA-REZABALA** could hear conversations on board, and at one point recalled that Eduardo, Jose, and Adrian discussed 3000 pesos to be received as payment for their participation.

The seas were very rough, and at one point Eduardo suffered an injury (while under way) to his ribs on the steering wheel of the boat due to the waves. **ANCHUNDIA-REZABALA** heard the three Mexican nationals on board discussing a cover story to agree on and tell law enforcement once they were arrested and in USCG custody. The Mexican nationals, led by Eduardo, agreed to tell investigators that they were forced to undertake this journey after being assaulted. Eduardo came up with the initial story, but it had changed over the time they were in USCG custody and Escambia County Jail, as none of them had been separated since their encounter with law enforcement. The story included saying that when Eduardo hurt his ribs on the steering wheel of the boat, they would falsely claim this injury was actually caused by the phantom Mexican "enforcers" hitting Eduardo in the ribs with the butt of a rifle.

3

Rev. 9/2021

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 18 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 4 of 19   PageID# 249
216

**ANCHUNDIA-REZABALA** was told by the Mexican participants that if he wants to get any money on his books in jail, he needed to tell investigators the same story that was made up while in custody, and he would receive benefits from this action. Jose would also let him speak with "Cappy." **ANCHUNDIA-REZABALA** states did not repeat the story provided by the Mexican crew because he wants to be cooperative and honest with the government.

This was **ANCHUNDIA-REZABALA's** first trip to smuggle narcotics. As compensation after successfully delivering the narcotics he was promised he would be brought to Guatemala and smuggled into the United States as payment.

The defendants Eduardo PALOMEQUE, Jose Miguel DE PAZ TOVILLA, **Tanyl Damian ANCHUNDIA-REZABALA**, Walter Alejandro HEDRERA, and Adrian Palomeque GORDILLO were taken into custody from the GFV and transferred to USCG Cutter MUNRO with the contraband. **TANYL DAMIAN ANCHUNDIA-REZABALA** conspired with the other four crew members to possess with the intent to distribute cocaine on a vessel subject to the jurisdiction of the United States as the vessel was without nationality.

After the boarding, the vessel was determined to be without nationality in accordance with Title 46 Section 70502 (d) (I) (D) as it was a vessel aboard which no individual, on request of an officer of the United States authorized to enforce applicable provisions of United States law, claimed to be the master or was identified as the individual in charge, and the vessel had no other claim of nationality or registry under paragraph (1) or (2) of subsection (e) of the statute.

Respectfully submitted,

AGREED TO AND SIGNED.

SEAN P. COSTELLO
UNITED STATES ATTORNEY

4

Rev. 9/2021

Case 1:24-cr-00181-TFM-MU   Doc# 106   Filed 03/28/25   Page 19 of 19   PageID#
Case 1:24-cr-00181-TFM-MU   Doc# 105   Filed 03/25/25   Page 5 of 19   PageID#
250
217

Date: March 25, 2025

*George F. May*
GEORGE F. MAY
Assistant United States Attorney

Date: March 25, 2025

*Kacey Chappelear*
KACEY CHAPPELEAR
Assistant United States Attorney
Deputy Criminal Chief

Date: 3/28/25

TANYL DAMIAN ANCHUNDIA-REZABALA
Defendant

Date: 3/25/25

JOE CARL "BUZZ" JORDAN
Attorney for Defendant

5

Rev. 9/2021